UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Docket no. 2:19-cr-00176-GZS |
| NELSON DION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO DISMISS INDICTMENT**

Before the Court is the Motion to Dismiss Indictment by Defendant Nelson Dion (ECF No. 62). For reasons stated herein, the Court DENIES the Motion.

**I.      BACKGROUND**

The Indictment at issue charges Defendant Dion with two counts of interstate violation of a protection order, a federal crime set forth in 18 U.S.C. § 2262(a)(1). Specifically, the Indictment alleges that between about April 19 and June 30, 2016, Defendant traveled from Maine to New Hampshire (Count I) and from New Hampshire to Maine (Count II) with the intent to have direct contact and communication with and be in physical proximity to an individual, T.N.,[1] in violation of a protection order.

The protection order Defendant is alleged to have violated was issued after Defendant was arrested, on April 16, 2016, for aggravated assault in an incident involving T.N. Three days after the arrest, Defendant was released on bail following issuance of a bail bond by the Maine Superior Court. (See Def. Ex. B (ECF No. 66) at PageID # 168.) The bail bond explicitly prohibited

---

[1] The Court adopts the pseudonym used by the parties.

Defendant from contact, direct or indirect, with T.N. During the hearing at which the bail order was issued, the court read aloud the conditions of bail, including the prohibition on contact of any kind with T.N., and advised Defendant that he could be arrested if he violated these conditions. A subsequent criminal investigation by the Federal Bureau of Investigation (FBI) led to the Indictment's allegations that Defendant violated the conditions of bail by crossing state lines to have contact with T.N. in New Hampshire.

## II. DISCUSSION

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Thus, an indictment may be dismissed if a party can show that the indictment is facially defective in some way "or subject to a defense that may be decided solely on issues of law." United States v. Mubayyid, 476 F. Supp. 2d 46, 50 (1st Cir. 2007). Defendant seeks dismissal arguing that, as a matter of law, the bail order he allegedly violated does not qualify as a protection order under 18 U.S.C. § 2266(5). He additionally contends that, even if the bail order does qualify as a protection order under the statute, the application of 18 U.S.C. § 2262(a)(1) here violated the Due Process Clause of the Constitution because Defendant was not on fair notice of what the law proscribes. The Court addresses these arguments in turn.

### A. The Bail Order Qualifies as a Protection Order Under 18 U.S.C. § 2266(5)(A).

For purposes of the crime Defendant is charged with violating, a protection order is defined, in relevant part, as:

> any injunction, restraining order, or any other order issued by a civil or criminal court for the purpose of preventing violent or threatening acts or harassment against, sexual violence, or contact or communication with or physical proximity to, another person, including any temporary or final order issued by a civil or criminal court whether obtained by filing an independent action or as a pendente lite order in another proceeding so long as any civil or criminal order was issued in

2

response to a complaint, petition, or motion filed by or on behalf of a person seeking protection.

18 U.S.C. § 2266(5)(A).

In the Court's view, the plain language of this definition clearly encompasses the bail order that prohibited Defendant's contact with T.N. The adjective "any," used repeatedly, indicates legislative intent to give the term "protection order" broad and inclusive scope. See United States v. Cline, No. EP-19-CR-1018-DB, 2019 WL 2465326, *4 (W.D. Tex. June 13, 2019) ("The Court . . . agrees with the Government's assessment that Congress intended the definition of a protection order to be broad and inclusive as the plain language of the statute shows."). Even if broadly drawn, Defendant argues, the definition cannot extend to the bail order because it was not sought on behalf of "a person seeking protection." 18 U.S.C. § 2266(5)(A). However, as another court dealing with similar challenges to an indictment brought under 18 U.S.C. § 2262 has noted, because "the introductory phrase: '[t]he term 'protection order' *includes*' is notably open-ended and expansive, rather than exclusive and limited[,] . . . . a qualifying protection order may include an order that is not overtly described.'" Cline, 2019 WL 2465326, at *4 (emphasis in original) (internal citation omitted). The bail order at issue certainly qualifies as an "order issued by a . . . criminal court for the purpose of preventing . . . contact or communication with or physical proximity to, another person." 18 U.S.C. § 2266(5)(A). It is thus defined as a protection order even if it does not precisely fall within the example of such an order provided in the remainder of the statutory definition. The Court concludes that the bail order meets the definition of protection order in 18 U.S.C. § 2266(5)(A).[2]

---

[2] Because the Court concludes the statute is unambiguous, it need not address Defendant's argument regarding the rule of lenity. It also disregards Defendant's argument that the bail order is not a protection order because the Maine Legislature did not intend it to be so for purposes of 18 U.S.C. § 2262(a)(1). The legislative intent relevant to 18

3

## B. The Notice Defendant Received Comported with Due Process.

A penal statute violates the Due Process Clause of the Constitution if it fails to define a criminal offense with sufficient definiteness to provide fair notice of what it proscribes. Kittery Motorcycle, Inc. v. Rowe, 320 F.3d 42, 50 (1st Cir. 2003); see also United States v. Nat'l Dairy Prods. Corp., 372 U.S. 29, 32-33 (1963) ("[C]riminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed."). Defendant contends that 18 U.S.C. § 2262(a)(1) is deficient in this manner because (a) the statute does not make clear that violation of a bail condition can qualify as a violation of a statutorily defined protection order and (b) the actual notice provided to him was deficient. Both contentions are misguided.

First, as the Court's earlier discussion indicates, 18 U.S.C. §§ 2262(a)(1) & 2266(5) together make clear to any reasonable person that interstate travel with the intent to violate a bail order of the kind issued to Defendant is proscribed by federal law. Second, although Defendant urges that the notice provided him was deficient because he was advised only that failure to abide by bail conditions could lead to his arrest, not that he would be subject to specific penalties, the Constitution does not require this level of notice. See, e.g., United States v. Gonzalez, 949 F.3d 30, 38 (1st Cir. 2020) ("A federal law violates the Due Process Clause only if it is 'so vague that it fails to give ordinary people fair notice of *the conduct* it punishes.'" (emphasis added) (quoting Johnson v. United States, 135 S. Ct. 2551, 2556 (2015))). Defendant cites no case law to support his position. Instead, he points to notice requirements in Maine and federal statutes. These are not helpful, however, for the question here is whether notice was sufficient *to satisfy Due Process*,

---

U.S.C. § 2262(a)(1)'s scope is that of the federal legislators who drafted this criminal statute. The intent of the Maine Legislature in providing for bail orders is simply irrelevant.

4

not state or federal statutory requirements. Since Defendant had the opportunity to raise statutory challenges to the bail order in other fora, he cannot collaterally attack it now.[3] See Cline, 2019 WL 2465326, at *5 ("Thus, facially, the federal statute that criminalizes the interstate violation of a protection order does not need to include a mechanism for collateral attack of a protection order to pass constitutional muster."). In sum, the notice provided Defendant was constitutionally sufficient.

### III. CONCLUSION

Therefore, the Court hereby DENIES the pending Motion to Dismiss Indictment (ECF No. 62).

SO ORDERED.

                                                              /s/ George Z. Singal
                                                              United States District Judge

Dated this 25th day of March, 2020.

---

[3] Defendant additionally argues that the written bail order signed by the presiding judge did not have the "no contact" provision box checked, contributing to the alleged deficiency of notice. Even if it were proper for the Court to consider this collateral attack on the bail order, the argument would be unlikely to prevail. Having reviewed the judge-signed bail order as well as the copy signed by a bail officer, which did have the box checked (see ECF No. 66, PageID #s 168 & 171), the Court concludes that the scrivener's error of which Defendant complains could not cause reasonable confusion as to the no-contact provision such that Defendant's due process rights were violated.