# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:19-cr-00176-GZS |
| NELSON DION, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION FOR A BILL OF PARTICULARS

Before the Court is a Motion for a Bill of Particulars by Defendant Nelson Dion (ECF No. 57). Having fully considered the filings made as to the Motion, the Court DENIES the Motion.

At the outset, the Court recognizes that a defendant may seek a court order directing the Government to file a bill of particulars in accordance with Federal Rule of Criminal Procedure 7(f). When a defendant seeks a bill of particulars, the Court considers "whether the information requested is necessary to allow the defense to prepare its case adequately or to avoid prejudicial surprise." CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 1 FED. PRAC. & PROC. CRIM. § 130 (4th ed.). The First Circuit has held that a motion for bill of particulars "need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." United States v. Sepulveda, 15 F.3d 1161, 1192-93 (1st Cir. 1993).

Defendant Dion was indicted with two counts of interstate violation of a protection order, in violation of 18 U.S.C. §§ 2262(a)(1) and (b)(5), on September 19, 2019 (ECF No. 41). The Indictment alleges that between about April 19 and June 30, 2016, Defendant traveled from Maine to New Hampshire (Count I) and from New Hampshire to Maine (Count II) with the intent to have

direct contact and communication with and be in close proximity to his ex-girlfriend, in violation of a protection order. During the period of the Indictment, Defendant is alleged to have made approximately fifteen trips in violation of the protection order between his residences in Maine and his ex-girlfriend's New Hampshire workplace.

Defendant requests that the Government provide more specific details as to the acts, dates, and locations of the violations alleged in the Indictment. He contends that, absent this information, his ability to mount a defense will be compromised, as he will be forced to prepare an alibi for every single day in the roughly two-and-a-half month period the Indictment alleges. The Government responds that the Indictment is sufficiently detailed and, coupled with discovery, should provide Defendant with the information he needs to easily discern the days of the alleged violations. See United States v. Poulin, 588 F. Supp. 2d 64, 69 (D. Me. 2008) (concluding that the Government's indictment, combined with an open-file discovery policy, complied with the law's requirements).

The Government has provided Defendant with his ex-girlfriend's employment records as well as the employment records of two co-worker witnesses to Defendant's alleged conduct during the period in question. The Government avers that the specific dates of Defendant's alleged violations are unknown except to the extent that they must have occurred on dates when at least one of the co-worker witnesses worked with Defendant's ex-girlfriend. The Government notes, and Defendant does not dispute, that the total number of days the co-worker witnesses' schedules overlapped with Defendant's ex-girlfriend's is 40 days. (Gov. Response (ECF No. 72), PageID # 224.) The Government takes the position that this sufficiently narrows the Indictment's temporal window.

The Court agrees. Given that Defendant is alleged to have violated the protection order by traveling from Maine to New Hampshire 15 times in this 40-day period, the Court concludes that there is enough detail in the Indictment and the evidence already produced for Defendant to prepare a defense and avoid prejudicial surprise. In short, the Court concludes that no bill of particulars is required to further narrow the temporal window.

Therefore, the Court hereby DENIES the pending Motion for a Bill of Particulars (ECF No. 57).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 27th day of March, 2020.