UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:19-cr-00176-GZS |
| NELSON JEAN DION, | ) |
| | ) |
| Defendant. | ) |

### ORDER ON MOTION FOR STAY OF MANDATE AND POST-CONVICTION RELEASE

Before the Court is Defendant Nelson Jean Dion's Motion for Stay of Mandate and for Post-Conviction Release (ECF No. 166). Having considered the Motion and the Government's Response (ECF No. 168), in addition to the entirety of the docket, the Court DENIES Defendant's Motion.

In August 2020, Defendant entered a conditional guilty plea to two counts of Interstate Violation of Protection Order under 18 U.S.C. § 2262(a)(1). (See Conditional Plea (ECF No. 110).) The Court sentenced him to two concurrent 31-month terms of imprisonment but granted a motion for post-conviction release pending appeal.[1] (See 5/17/21 Judgment (ECF No. 141); 5/17/21 Oral Order (ECF No. 138).) The First Circuit subsequently affirmed Defendant's conviction and issued its mandate. (See 1st Cir. Op. (ECF No. 164); 1st Cir. Judgment (ECF No. 165); 1st Cir. Mandate (ECF No. 167).) Defendant has indicated an intention to seek review of

---

[1] At sentencing, the Government took no position on Defendant's request for release pending his appeal to the First Circuit. See 5/17/21 Tr. (ECF No. 157), PageID # 812. However, the Government now objects to Defendant remaining on bail while he pursues further review by the Supreme Court.

the First Circuit's decision in the Supreme Court and moves for continued release pending resolution of his petition for a writ of certiorari. (See generally Mot. (ECF No. 166).)

The Court first turns to the applicable legal standard governing Defendant's Motion. As the vehicle for his requested relief, Defendant primarily invokes Federal Rule of Appellate Procedure 41(d). However, Rule 41 governs the circumstances under which a circuit court may stay its mandate pending a petition for a writ of certiorari in the Supreme Court, and is inapplicable to procedure in this Court.[2] See, e.g., United States v. Fraser, 407 F.3d 9, 10 (1st Cir. 2005) (noting defendant had failed to move the circuit court for relief under Rule 41(d) and describing the circuit court's authority after mandate issued as limited to recalling the mandate). Rather, the appropriate standard for analyzing Defendant's Motion appears at 18 U.S.C. § 3143(b). See 18 U.S.C. § 3141(b).

18 U.S.C. § 3143(b) allows for a defendant's post-conviction release pending appeal when three conditions are met. First, the defendant must establish "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" 18 U.S.C. § 3143(b)(1)(A); see United States v. Zimny, 857 F.3d 97, 101 (1st Cir. 2017) (placing burden on defendant). Second, the appeal must not be made for the purpose of delay. 18 U.S.C. § 3143(b)(1)(B). Third, the appeal must

> raise[] a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

---

[2] Defendant did not file with the First Circuit a motion to stay its mandate before it issued. See Boston & Me. Corp. v. Town of Hampton, 7 F.3d 281, 282 (1st Cir. 1993) ("[I]ssuance of the mandate formally marks the end of appellate jurisdiction." (quoting Johnson v. Bechtel Assocs. Pro. Corp., 801 F.2d 412, 415 (D.C. Cir. 1986)); see also Fraser, 407 F.3d at 10.

Id.  A defendant's appeal presents a "substantial question of law or fact" if the relevant question is "'close' . . . or [is] one that very well could be decided the other way." United States v. Bayko, 774 F.2d 516, 523 (1st Cir. 1985) (quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)).  A substantial question of law or fact is deemed likely to produce one of the four specified results if, when adjudged by an appellate court to have been error, the error is not "harmless or unprejudicial."  Id. at 522.

Notwithstanding these conditions, the same statute generally forbids a defendant's release if he has been convicted of certain specified offenses.[3]  See 18 U.S.C. § 3143(b)(2); 18 U.S.C. § 3142(f)(1)(A)–(C).  A defendant convicted of one of the enumerated offenses may only be released if he meets the criteria outlined at 18 U.S.C. § 3143(b) *and* "it is clearly shown that there are exceptional reasons why [his] detention would not be appropriate."  18 U.S.C. § 3145(c).

The Government argues in its Response that the "exceptional reasons" requirement must be applied (and met in Defendant's case) for release to be appropriate.  (See Gov't Resp. (ECF No. 168), PageID # 1069.)  Because this language appears in a section governing "review and appeal of a release or detention order," courts have split on whether the requirement applies at all to determinations by a district court.  Compare United States v. Garcia, 340 F.3d 1013, 1014 n.1 (9th Cir. 2003) (holding § 3145(c)'s "exceptional reasons" requirement applicable to district court determinations and collecting other consistent authorities), with United States v. Salome, 870 F.

---

[3] The specified offenses are

> (A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
> (B) an offense for which the maximum sentence is life imprisonment or death; [and]
> (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46[.]

18 U.S.C. § 3142(f)(1)(A)–(C).

3

Supp. 648, 652 (W. D. Pa. 1994) ("[T]he plain language of § 3145(c) compels the conclusion that it is applicable only on appeal."). Whatever § 3145(c)'s applicability may be to release determinations by a district court, the provision is plainly inapplicable here because Defendant was not convicted of one of the specified offenses that would bring him within the provision's ambit. See 18 U.S.C. § 3145(c) (applicability limited to "person[s] subject to detention pursuant to section 3143(a)(2) or (b)(2)"); 18 U.S.C. § 3143(b)(2) (specifying corresponding offenses).

Having identified the relevant governing standard, the Court turns to the merits of Defendant's Motion. As to the first requirement under § 3143(b)(1)(A), the Court adheres to its prior determination that clear and convincing evidence indicates Defendant is neither likely to flee nor to pose a danger to the safety of his community. As to the second requirement, there is no suggestion or indication that Defendant intends to petition the Supreme Court for a writ of certiorari for the purpose of delay.

However, Defendant's Motion fails at the third step because his appeal no longer presents a substantial question of law or fact, as it did when it was pending before the First Circuit. Defendant's primary argument on appeal was that the state court conditional release order forbidding him from contacting his long-term girlfriend and from going to places she frequented was not a "protection order" within the meaning of 18 U.S.C. § 2266(5). At the time of Defendant's appeal, this legal question was one of first impression within the First Circuit. (See 1st Cir. Op., PageID # 1029.) Following the appeal, the First Circuit has decided the question in the Government's favor, in a manner consistent with the one other federal circuit court to opine on the issue. See United States v. Cline, 986 F.3d 873, 876 (5th Cir. 2021). No judge dissented from either opinion, a fact which militates against the idea that the underlying question is a "close" one. Bayko, 774 F.2d at 523. All told, Defendant has not met his burden of convincing the Court that

the legal question he will ask the Supreme Court to address is substantial, and thus his continued release is inappropriate.

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Stay of Mandate and for Post-Conviction Release (ECF No. 166).  In accordance with the 5/17/21 Judgment (ECF No. 141), Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2 p.m. on August 17, 2022.  Defendant is hereby warned that if he fails to appear at the time described above and at the place designated by the Bureau of Prisons, he may be charged with bail jumping, for which he can be charged, convicted and sentenced in addition to the underlying conviction in this case.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 14th day of July, 2022.